## JOHN B. BAKER *vs.* THOMAS D. TYLER.

FEBRUARY 1, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Bill of Exceptions. Judgments.*

A bill of exceptions does not lie to a *judgment* of the Superior Court.

(2) *Bill of Exceptions. Procedure. Time for filing Exceptions. Of Relief from Judgment.*

After denial of motion for new trial defendant filed in the Superior Court notice of intention to prosecute his bill of exceptions and a motion to the court to fix the time wherein he should file his bill of exceptions, transcript of evi-

dence, etc., and a request for a transcript of the evidence; and thereupon the court, instead of fixing the time for filing the bill of exceptions and transscript or extending the time for filing the transcript, filled out an order to the stenographer to deliver the transcript to the party at a certain day:—

Held, that this was not the order required by C. P. A., § 490, and the time within which defendant might file his bill of exceptions not having been fixed, and more than fifty days having elapsed since his notice, it could not now be fixed by the Superior Court.

*Held,* further, that, under the facts stated, the case was one for relief under the provisions of C. P. A., § 473.

The facts are fully stated in opinion. Heard on petition for relief after judgment in Superior Court, and relief granted.

DOUGLAS, C. J. The following facts appear from the record in this case: June 5th, 1906, the plaintiff recovered a verdict in the Superior Court against the defendant for five hundred dollars. June 11th the defendant moved for a new trial, which was denied July 2d. July 7th the defendant filed a notice of his intention to prosecute his bill of exceptions and a motion to the court to fix the time wherein he should file his bill of exceptions, transcript of evidence, etc., and a request for a transcript of the evidence. At the foot of the notice and motion, which were upon a printed form, is the following order, the words and figures italicized being in the handwriting of the justice of the Superior Court who presided at the trial:

"Transcript of evidence, etc., to be made and delivered by stenographer to party ordering same or his attorney of record on or before *Sept. 29,* A. D. 1906.

"Bill of exceptions and transcript of evidence, etc., to be filed in the clerk's office on or before      A. D. 190 .

"*W. B. TANNER,*

"*Justice of Superior Court.*"

October 17th the plaintiff moved that the judgment of the Superior Court be entered upon said verdict, and December 16th said motion was heard and judgment entered as of June 5th.

On October 29th the defendant filed his alleged bill of ex-

ceptions to the decision of Judge Tanner denying the defendant's motion for a new trial, but this bill was never allowed by the Superior Court or established in this court.

On December 17th the defendant filed his exception to the entry of judgment and his notice of intention to prosecute his bill of exceptions, and on the same day he filed in the Superior Court a paper, in the form of a bill of exceptions and allowed as such by the justice who ordered the entry of judgment, setting forth the travel of the case and claiming that the judgment was erroneously entered.

(1)     It should be remarked, in the first place, that a bill of exceptions does not lie to a judgment of the Superior Court. The review of the decision or verdict on exceptions thereto, provided by the statutes, is to be had before judgment is entered. The filing of notice of a bill of exceptions stays the judgment or sentence until further order of the court. It is too late to give such notice after judgment is entered or sentence is pronounced. But the case stated is one of a judgment entered erroneously, or which, if duly entered, was the consequence of the failure of the party aggrieved by the verdict to file his bill of exceptions from omission of the court to fix the time within which he should file it, and so we may treat the application as one for relief under C. & P. A. § 473.

The general procedure of a party, who, after an adverse verdict and an adverse decision of the Superior Court upon his motion for a new trial, desires to prosecute a bill of exceptions in this court, is prescribed by C. & P. A. § 490, which refers also to the provisions of sections 71 and 72.

The first paragraph of section 490 needs no construction. It prescribes two plain steps: first, to file notice of intention to prosecute exceptions; and secondly, to take means to procure a transcript of evidence in cases where that is necessary.

The second paragraph provides as follows:

"Second. Within such time as the court shall fix, not later than fifty days after filing notice of intention to prosecute a bill of exceptions, or within ten days after the expiration of such extended time as is provided by section 72 for filing a

transcript of the evidence, he shall file in the office of the clerk of the superior court his bill of exceptions. . . . . If exceptions shall be founded upon evidence and rulings thereon, or upon findings or decision of the court, or to the instructions of the court to the jury, or to a decision upon a motion for a new trial on the ground that the verdict is against the evidence or the weight of evidence or for newly discovered evidence, he shall file in the office of the clerk, with his bill of exceptions, a transcript of the evidence and the rulings thereon, and of the instructions to the jury, or so much thereof as may be necessary for determination of the exceptions."

To analyze the process, it is this:

*First.* The party files in the clerk's office his notice and motion and request for the transcript of evidence (Secs. 71 and 490). Next, the court in answer to his motion fixes a time, not more than fifty days in the future, at which the party must file in the clerk's office his bill and transcript (Sec. 490). By section 71 it is made the duty of the stenographer to deliver the transcript to the party or his attorney within the time fixed for the party to file it, but in no case later than forty days from the filing of the request. No act of the court is required to direct the stenographer. The statute defines his duty when the court has fixed the time within which the party must act.

This is the ordinary and normal course of procedure contemplated by the statute, and there is no provision in any case by which the court can directly extend the time for filing the bill of exceptions beyond fifty days from the date of the notice. It may, however, often be impossible to procure the transcript for filing within the fifty days or the period fixed, and section 72 is designed to remedy this difficulty. It gives the Court the power, for cause, to grant an extension of time for filing the transcript beyond the time originally fixed.

When an extension of time for filing the transcript is given, the statute again, without action by the court, fixes the time for filing the bill of exceptions within ten days from the expiration of the extended time to file the transcript.

In the case at bar the application of the party was duly

made to the court, and thereupon the court, instead of fixing the time for filing the bill of exceptions and the transcript of evidence, or extending the time for filing the transcript, which would have automatically fixed the time for filing the bill of exceptions, filled out an order to stenographer to deliver the transcript to the party at a certain day.

This order is not the order required by the statute, and is not a performance of the duty which the statute imposes upon the court. The time within which the defendant may file his bill of exceptions has never been fixed, and as more than fifty days have elapsed since his notice, it can not now be fixed by the Superior Court.

It is urged on behalf of the plaintiff that the statute imposes upon the moving party, in this case the defendant, the duty not only of filing his notice and motion, but also of seeing that the motion is granted. We think he is charged with the responsibility of calling his motion to the attention of the court, but we do not see how he can force the court to act. In this case the justice took the matter into his own hands after it was presented to him, and himself filled the blanks in the form. Doubtless by inadvertence he filled in the unnecessary order and neglected to fill the one required by the statute. It may have been carelessness on the part of defendant's counsel not to have discovered the error; but the mistake was originally the act of the court, and the printed form, furnished by the clerk's office, was itself misleading.

In view of all the circumstances we think the case is one which justice demands should be reviewed, and it is therefore ordered that the judgment entered December 16, 1906, be set aside on condition that the defendant within ten days shall file his bill of exceptions and transcript of evidence, etc., in the clerk's office of the Superior Court, give due notice thereof as prescribed by rule 32, and prosecute his exceptions according to law.

*Irving Champlin*, for plaintiff.
*Edward M. Sullivan*, for defendant.